# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| U.S. WIRELESS CORPORATION, INC., | : | Case No. 01-10262 |
| WIRELESS LOCATION | : | through 01-10264 (CSS) |
| TECHNOLOGIES, INC., AND WIRELESS | : | |
| LOCATION SERVICES, INC., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| _____ | : | |
| | : | |
| THE LIQUIDATING TRUST OF U.S. | : | |
| WIRELESS CORPORATION, INC., | : | |
| WIRELESS LOCATION | : | |
| TECHNOLOGIES, INC., AND WIRELESS | : | |
| LOCATION SERVICES, INC., | : | Adv. Pro. No. 03-55655 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NICHOLAS BORUTA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |
| | : | |
| THE LIQUIDATING TRUST OF U.S. | : | |
| WIRELESS CORPORATION, INC. *ET AL.* | : | |
| | : | |
| Plaintiff, | : | Case No. 05-411 (GMS) |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS BORUTA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The Liquidating Trust (the "Liquidating Trust") of U.S. Wireless Corporation, Inc., Wireless Location Technologies, Inc. and Wireless Location Services, Inc. (the "Debtors"), the plaintiff in the above-captioned adversary proceeding, by and through its

DEL1 67198-1

undersigned counsel, at the request of this Honorable Court, hereby files this written response to the Order to Show Cause.

## BACKGROUND

1.   On August 29, 2001 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). On June 10, 2003, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Consolidated Chapter 11 Plan of Liquidation of the Debtors* (the "Plan"). Pursuant to the Plan, the Debtors' estates were substantively consolidated and all rights, title and interest of the Debtors in all remaining assets, including causes of action, were transferred to the Liquidating Trust. Executive Sounding Board Associates, Inc. was appointed as Liquidating Agent for the Liquidating Trust pursuant to the Plan and Confirmation Order. The Plan and The Liquidating Trust Agreement grant the Liquidating Agent authority to pursue all causes of actions of the Debtors. At all times relevant hereto, Klehr, Harrison, Harvey, Branzburg & Ellers LLP has been counsel to the Liquidating Trust.

2.   On August 28, 2003, the Liquidating Trust filed its Complaint (the "Complaint")[1] in the Bankruptcy Court against Nicholas Boruta ("Boruta"), a former employee of the Debtors, for the turnover and recovery of certain tax payments made on his behalf within a year of the Petition Date on stock he received as compensation (the "Stock Compensation"). In its Complaint, the Liquidating Trust asserts that it is entitled to recover certain withholding taxes (the "Withholding Taxes") paid on behalf of Boruta on the grounds of unjust enrichment, breach of contract, and avoidance and recovery of fraudulent transfers under the Bankruptcy Code and applicable California state law.

---

[1] Adversary Proceeding No. 03-55655.

3. The parties stipulated that the reference should be withdrawn with respect to the adversary proceeding, and on July 18, 2005, this Court entered an Order approving the withdrawal of the reference.

4. After the reference was withdrawn the parties began to negotiate a consensual scheduling order to litigate this matter before this Court. Unfortunately, shortly thereafter, primary counsel handling this matter for both the Plaintiff and Defendant left their respective law firms.

5. Subsequently, the undersigned was charged with handling all adversary proceedings being prosecuted by the Liquidating Trust. Regrettably, as this matter was transferred to the District Court, it was not obvious to the undersigned that this adversary proceeding was still open and outstanding.

6. On September 27, 2007, this Court entered an Order to Show Cause demanding that counsel demonstrate why this adversary proceeding should not be dismissed for lack of prosecution. Upon receipt of the Order to Show Cause, the undersigned researched the adversary proceeding and determined that it was still open and outstanding and should be prosecuted to its conclusion.

7. The Liquidating Trust does not believe that this case should be dismissed and is prepared to prosecute this adversary proceeding as expeditiously as this Court and the Defendant deem appropriate. The Liquidating Trust has two other adversary proceedings based upon similar causes of action still pending before the Bankruptcy Court. The Liquidating Trust is prepared to commence discovery immediately, undertake mediation if appropriate, and if not settled, take this matter to trial on an expedited basis.

DEL1 67198-1

8.  Accordingly, the Liquidating Trust prays that this Court not dismiss this action and allow the parties to enter into a consensual scheduling order as soon as practicable.

Dated: October 19, 2007

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

By:  */s/ Christopher A. Ward*
Joanne B. Wills (#2357)
Christopher A. Ward (#3877)
919 Market Street, Suite 1000
Wilmington, DE  19801-3062
(302) 426-1189
(302) 426-9193 (fax)

Counsel to the Liquidating Trust of U.S. Wireless Corporation, *et al.*